IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSIE ZAPATA and MONICA GARCIA,

      Plaintiffs,

vs.                                             No. 1:21-cv-00843-CG-JFR

JAMES YATES, JOHN DOES,
ROBERTA LUCERO-ORTEGA,
ARTHUR SANCHEZ, BESHEEN ESTEVAN,
and SUMMIT FOOD SERVICE, LLC,

      Defendants.

**DEFENDANT SUMMIT FOOD SERVICE, LLC'S ANSWER
TO PLAINTIFFS' COMPLAINT FOR THE RECOVERY OF DAMAGES CAUSED BY
THE DEPRIVATION OF CIVIL RIGHTS & JURY DEMAND**

      COMES NOW Defendant, Summit Food Service, LLC ("Summit"), by and through its

counsel of record, Civerolo, Gralow & Hill, P.A. (Lisa Entress Pullen and David M. Wesner) and

Resnick & Louis, P.C. (Hal S. Cohen) and, for its Answer to Plaintiffs Complaint ("Complaint"),

states as follows:

      1.     Paragraph 1 of the Complaint contain legal conclusions, and thus, no response is

required. To the extent a response is required, Defendant Summit is without sufficient

knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

1 of Plaintiffs' Complaint, and therefore, denies the same.

      2.     Defendant Summit is without sufficient knowledge or information upon which to

form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint

and, therefore, denies the same.

3.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

4.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

6.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same.

7.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same.

8.      Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same.

9.      In response to Paragraph 9 of Plaintiffs' Complaint, Defendant Summit denies that it is a South Dakota corporation, and states that it is a corporation formed in New Mexico as a limited liability company.  Defendant Summit admits that it does business in New Mexico.

10.     Defendant Summit admits that it has been a party to a contract to provide food service at the Western New Mexico Correctional Facility, states that those contract(s) speak for

themselves, and denies each and every remaining allegations set forth in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendant Summit admits that Berleen Estevan is employed by Summit to work at the Western New Mexico Correctional Facility's kitchen as Summit's Food Service Director, but denies remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12.     Paragraph 12 of the Complaint is directed, in part, to other defendants and, therefore, to the extent that the paragraph applies to other defendants, no response is required. To the extent Paragraph 12 of Plaintiffs' Complaint is directed at Defendant Summit, Defendant Summit denies the same.

13.     Paragraph 13 of the Complaint is directed, in part, to other defendants and, therefore, to the extent that the paragraph applies to other defendants, no response is required. Defendant Summit admits that Defendant Estevan performed her job duties for Summit within the scope of her employment by Summit.  Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of any remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint, and, therefore, denies the same.

14.     Paragraph 14 of the Complaint contains legal conclusions, and thus, no response is required. Defendant Summit further states that Paragraph 14 of the Complaint is directed, in part, to other defendants and, therefore, to the extent that the paragraph applies to other defendants, no response is required. To the extent a further response is required, Defendant Summit denies the allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

15.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same.

16.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies the same.

17.     In response to Paragraph 17 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as a "horrific and widespread rodent infestation," denies responsibility for the same, and is without sufficient knowledge or information upon which to form a belief as to the truth as to the pervasive and/or ongoing nature of said rodent problem and, therefore, denies the same. Summit denies any remaining allegations.

18.     In response to Paragraph 18 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies that "the distinctive sour, putrid smell of rodent urine, rodent feces, and decaying rodent bodies was a constant presence in and near the prison's kitchen and cafeteria at all times," in any event denies responsibility for the same, and is without sufficient knowledge or information upon which to form a belief as to the truth as to the remaining allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     In response to Paragraph 19 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as an "infestation" and that the inmates working in the prison cafeteria and kitchen

were exposed to a danger due to said rodent occurrences, and in any event denies responsibility for the same. Defendant Summit further avers that it has no access to and retains no control over the prison's other work, living, and sleep facilities and, therefore, denies both knowledge or information and, to the extent true, responsibility for the allegations as to the same. Defendant Summit denies any remaining allegations.

20.     In response to Paragraph 20 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as "pervasive" and in any event denies responsibility for the same. Defendant Summit further denies that rodents, rodent feces, or rodent urine were ever served in the food at the prison. Defendant Summit denies each and every remaining allegation in Paragraph 20 of Plaintiffs' Complaint.

21.     In response to Paragraph 21 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF by Defendant Estevan; however, Defendant Summit but denies the characterization of said occurrences as an "infestation" and in any event denies responsibility for the same. Defendant Summit denies each and every remaining allegation in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendant Summit denies the allegations set forth in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendant Summit denies the allegations set forth in Paragraph 23 of Plaintiffs' Complaint.

24.     To the extent Paragraph 24 of the Complaint is directed to other defendants, no response is required by this Defendant. To the extent a further response is required, Defendant

Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24, and, therefore, denies the same.

25.     To the extent Paragraph 25 of the Complaint is directed to other defendants, no response is required by this Defendant. To the extent a further response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, and, therefore, denies the same.

26.     To the extent Paragraph 26 of the Complaint is directed to other defendants, no response is required by this Defendant. To the extent a further response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26, and, therefore, denies the same.

27.     To the extent Paragraph 27 of the Complaint is directed to other defendants, no response is required by this Defendant. To the extent a further response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27, and, therefore, denies the same.

28.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 28 of Plaintiffs' Complaint, and therefore, denies the same.

29.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 29 of Plaintiffs' Complaint, and therefore, denies the same.

30.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 30 of Plaintiffs' Complaint, and therefore, denies the same.

31.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 31 of Plaintiffs' Complaint, and therefore, denies the same.

32.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 32 of Plaintiffs' Complaint, and therefore, denies the same.

33.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 33 of Plaintiffs' Complaint, and therefore, denies the same.

34.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 34 of Plaintiffs' Complaint, and therefore, denies the same.

35.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 35 of Plaintiffs' Complaint, and therefore, denies the same.

36.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 36 of Plaintiffs' Complaint, and therefore, denies the same.

37.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint, and therefore, denies the same.

38.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the general allegations set forth in Paragraph 38 of Plaintiffs' Complaint, and therefore, denies the same.

39.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the general allegations set forth in Paragraph 39 of Plaintiffs' Complaint and, therefore, denies the same.

40.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the general allegations set forth in Paragraph 40 of Plaintiffs' Complaint and, therefore, denies the same.

41.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the general allegations set forth in Paragraph 41 of Plaintiffs' Complaint and, therefore, denies the same.

42.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint, and therefore, denies the same.

43.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Complaint, and therefore, denies the same.

44.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiffs' Complaint and, therefore, denies the same.

45.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies the same.

46.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint, and therefore, denies the same.

47.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint, and therefore, denies the same.

48.     Defendant Summit denies the allegations set forth in Paragraph 48 of Plaintiffs' Complaint.

49.     Defendant Summit denies the allegations set forth in Paragraph 49 of Plaintiffs' Complaint.

50.     In response to Paragraph 50 of Plaintiffs' Complaint, Defendant Summit admits that New Mexico state agencies performed regular inspections of the kitchen and cafeteria areas. Defendant Summit further admits that Defendant Summit regularly inspected the kitchen and cafeteria areas for cleanliness and food safety in accordance with regulatory standards. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 of Plaintiffs' Complaint, and, therefore, denies the same.

51.     Defendant Summit denies the allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52.     In response to Paragraph 52 of Plaintiffs' Complaint, Defendant Summit denies that it violated or attempted to conceal violations of state law, state regulations and NMCD policies. To the extent Paragraph 52 of Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of said allegations, and therefore, denies the same. Defendant Summit denies all remaining allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53.     Because Paragraph 53 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53, and therefore, denies the same.

54.     To the extent Paragraph 54 of the Plaintiffs' Complaint is directed to other defendants, no response is required.  To the extent a response is required, Defendant Summit denies the allegations set forth in Paragraph 54.

55.     To the extent Paragraph 55 of the Plaintiffs' Complaint is directed to other defendants, no response is required.  To the extent a response is required, Defendant Summit admits that Defendant Estevan and its other staff would require inmates to clean the kitchen on a regular basis, but states that these cleaning procedures in no way were modified or intensified in advance of an upcoming inspection. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint with respect to Plaintiffs Zapata and Garcia and, therefore, denies the same. Defendant Summit denies any remaining allegations.

56.     Defendant Summit denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint.

57.     In response to Paragraph 57 of Plaintiffs' Complaint, Defendant Summit admits that various inmates did have assigned duties to help clean the prison's kitchen and that Plaintiffs Zapata and Garcia were sometimes included in the inmates aiding in said cleaning, but states that these cleaning procedures in no way were modified or intensified in advance of an upcoming inspection.  Defendant Summit denies any remaining allegations.

58.     Defendant Summit denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint.

59.     In response to Paragraph 59 of Plaintiffs' Complaint, Defendant Summit denies that the food served from the prison kitchen was contaminated by rodents. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiffs' Complaint, and, therefore, denies the same.

60.     Because Paragraph 60 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit admits that Defendant Estevan regularly conducted cleanings of the prison's kitchen and cafeteria areas in accordance with cleanliness and food safety regulatory standards, but denies that these cleaning procedures were in any way modified or intensified in advance of an upcoming inspection. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 60 of Plaintiffs' Complaint, and, therefore, denies the same.

61.     Defendant Summit denies the allegations in Paragraph 61 of Plaintiffs' Complaint that the kitchen had unsanitary conditions, and denies all remaining allegations set forth in

Paragraph 61 that pertain to Defendant Summit and Defendant Estevan. To the extent Paragraph 61 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 that pertain to other named defendants and, therefore, denies the same. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 that pertain to Plaintiffs' and other inmates' beliefs, and, therefore, denies the same.

62.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 62 of Plaintiffs' Complaint and, therefore, denies the same.

63.     In response to Paragraph 63 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as an "infestation" and in any event denies responsibility for the same. To the extent the allegations of Paragraph 63 pertain to Defendant Summit or Defendant Estevan, Defendant denies the allegations. To the extent Paragraph 63 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 that pertain to other named defendants and, therefore, denies the same. Defendant Summit denies each and every remaining allegation in Paragraph 63 of Plaintiffs' Complaint.

64.     To the extent the allegations of Paragraph 64 pertain to Defendant Estevan, Defendant denies the allegations. To the extent Paragraph 64 of the Plaintiffs' Complaint is directed to other defendants, no response is required.  To the extent a response is required,

Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 that pertain to other named defendants and, therefore, denies the same.

65.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65 of Plaintiffs' Complaint, and, therefore, denies the same.

66.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 66 of Plaintiffs' Complaint, and, therefore, denies the same.

67.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 67 of Plaintiffs' Complaint, and, therefore, denies the same.

68.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 68 of Plaintiffs' Complaint and, therefore, denies the same.

69.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of Plaintiffs' Complaint, and, therefore, denies the same.

70.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70 of Plaintiffs' Complaint, and, therefore, denies the same.

71.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 71 of Plaintiffs' Complaint, and, therefore, denies the same.

72.     To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 of Plaintiffs' Complaint, and, therefore, denies the same.

73.     Because Paragraph 73 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 of Plaintiffs' Complaint, and therefore, denies the same.

74.     Because Paragraph 74 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74 of Plaintiffs' Complaint, and therefore, denies the same.

75.     To the extent Paragraph 75 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations of Paragraph 75 pertain to Defendant Summit's employee, Defendant denies the allegations.

76.     To the extent Paragraph 76 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations of Paragraph 76 pertain to Defendant Summit's employees, Defendant denies the allegations.

77.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 77 of Plaintiffs' Complaint

and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

78.     Because Paragraph 78 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78 of Plaintiffs' Complaint, and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

79.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 79 of Plaintiffs' Complaint, and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

80.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 80 of Plaintiffs' Complaint and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

81.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 81 of Plaintiffs' Complaint, and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

82.     Because Paragraph 82 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in

Paragraph 82 of Plaintiffs' Complaint, and, therefore, denies the same. To the extent the documents referenced therein exist, Defendant Summit avers that said documents speak for themselves.

83.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83 of Plaintiffs' Complaint, and, therefore, denies the same.

84.     In response to Paragraph 84 of Plaintiffs' Complaint, Defendant Summit denies that Plaintiffs or other prisoners ever ate food prepared by or under Summit's control that was contaminated by rodents. Defendant Summit further admits that rodents were observed at times at the WNMCF prison, but denies the characterization of said occurrences as an "infestation" and "horrifying [in] scope" and, in any event, denies responsibility for the same. Defendant Summit further states that Defendant Summit and its staff had no access to the inmates' living quarters, and thus are without sufficient knowledge or information to form a belief as to the truth as to the allegations concerning Plaintiffs' living conditions and, therefore, denies the same. To the extent the allegations of Paragraph 84 pertain to Defendant Estevan, Defendant Summit denies said allegations. To the extent Paragraph 84 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 of Plaintiffs' Complaint as directed to other defendants and, therefore, denies the same. Defendant Summit denies each and every remaining allegation in Paragraph 84 of Plaintiffs' Complaint.

85.     In response to Paragraph 85 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed at times in the WNMCF prison's kitchen, but denies the

characterization of these occurrences as "countless" and in any event denies responsibility for the same. Defendant Summit is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 85 of Plaintiffs' Complaint to the extent they pertain to Plaintiffs Garcia and Zapata specifically and, therefore, denies the same.  Defendant Summit denies each and every remaining allegation in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendant Summit denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint.

87.     In response to Paragraph 87 of Plaintiffs' Complaint, Defendant Summit objects that the term "authority" is vague and overly broad as stated therein and, therefore, Defendant Summit denies the allegations therein as to same. Notwithstanding the same, Defendant Summit admits that Defendant Estevan, as Food Service Director, had authority granted by WNMCF to oversee the conduct of inmates working in the prison kitchen during said inmate's work shift. Defendant Summit denies any remaining allegations.

88.     Defendant Summit admits the allegations set forth in Paragraph 88 of Plaintiffs' Complaint to the extent the requested work involved food preparation or service or cleaning the kitchen.  Defendant Summit denies all remaining allegations.

89.     In response to Paragraph 89 of Plaintiffs' Complaint, Defendant Summit admits that an inmate who failed to follow Defendant Estevan's orders could be "written up," but denies that this "would" always be the case and further denies that inmates who failed to follow said orders "would be subjected to [other] form[s] of informal punishment."  Defendant Summit denies any remaining allegations.

90.     Defendant Summit denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint.

17

91.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 91 of Plaintiffs' Complaint, and, therefore, denies the same.

92.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 92 of Plaintiffs' Complaint, and, therefore, denies the same.

93.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 93 of Plaintiffs' Complaint, and, therefore, denies the same.

94.     Defendant Summit denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 95 of Plaintiffs' Complaint, and, therefore, denies the same.

96.     Defendant Summit denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 97 of Plaintiffs' Complaint, and, therefore, denies the same.

98.     Defendant Summit denies the allegations set forth in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 99 of Plaintiffs' Complaint, and, therefore, denies the same.

100.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 100 of Plaintiffs' Complaint, and, therefore, denies the same.

101.     In response to Paragraph 101 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed at times in the WNMCF prison's kitchen, but denies the characterization of these occurrences as "enormous" and in any event denies responsibility for the same. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 101 of Plaintiffs' Complaint, and, therefore, denies the same.

102.     Defendant Summit denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint.

103.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 103 of Plaintiffs' Complaint, and, therefore, denies the same.

104.     In response to Paragraph 104 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed at times in the WNMCF prison's kitchen, but denies the characterization of these occurrences as "enormous" or an "infest[ation]" and in any event denies responsibility for the same. Defendant Summit denies each and every remaining allegation set forth in Paragraph 104 of Plaintiffs' Complaint.

105.     In response to Paragraph 105 of Plaintiffs' Complaint, Defendant Summit admits that Plaintiff Garcia did wash dishes as one of her responsibilities during her time working in the kitchen, but denies that she ever served as the special diet cook. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 105 of Plaintiffs' Complaint, and, therefore, denies the same.

106.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 106 of Plaintiffs' Complaint, and, therefore, denies the same.

107.     Defendant Summit denies the allegations set forth in Paragraph 107 of Plaintiffs' Complaint.

108.     In response to Paragraph 108 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed at times in the WNMCF prison's kitchen, but denies the characterization of these occurrences as "enormous" or an "infestation" and in any event denies responsibility for the same. Defendant Summit further admits that traps were set in and around the WNMCF kitchen, but denies that they were "completely ineffective." Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 108 of Plaintiffs' Complaint, and, therefore, denies the same.

109.     In response to Paragraph 109 of Plaintiffs' Complaint, Defendant Summit admits that live rodents were at times caught in traps in and around the WNMCF prison's kitchen but denies the characterization of these occurrences as "regularly" occurring, and in any event denies responsibility for the presence of said rodents. Defendant Summit denies any remaining allegations.

110.    In response to Paragraph 110 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed at times in the WNMCF prison's kitchen both before and after traps were deployed in and around the kitchen, but denies the characterization of these occurrences as "huge [in] number," and in any event denies responsibility for the same.  Defendant Summit denies any remaining allegations.

111.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 111 of Plaintiffs' Complaint, and, therefore, denies the same.

112.    Defendant Summit denies the allegations set forth in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendant Summit denies the allegations set forth in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114 of Plaintiffs' Complaint, and, therefore, denies the same.

115.    Defendant Summit denies the allegations set forth in Paragraph 115 of Plaintiffs' Complaint.

116.    Defendant Summit denies the allegations set forth in Paragraph 116 of Plaintiffs' Complaint.

117.    Defendant Summit denies the allegations set forth in Paragraph 117 of Plaintiffs' Complaint.

118.    Defendant Summit denies the allegations set forth in Paragraph 118 of Plaintiffs' Complaint.

119.     Defendant Summit denies the allegations set forth in Paragraph 119 of Plaintiffs' Complaint.

120.     Defendant Summit denies the allegations set forth in Paragraph 120 of Plaintiffs' Complaint.

121.     Defendant Summit denies the allegations set forth in Paragraph 121 of Plaintiffs' Complaint.

122.     Defendant Summit denies the allegations set forth in Paragraph 122 of Plaintiffs' Complaint.

123.     Defendant Summit denies the allegations set forth in Paragraph 123 of Plaintiffs' Complaint.

124.     Defendant Summit denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint.

125.     Defendant Summit denies the allegations set forth in Paragraph 125 of Plaintiffs' Complaint.

126.     Defendant Summit denies the allegations set forth in Paragraph 126 of Plaintiffs' Complaint.

127.     Defendant Summit denies the allegations set forth in Paragraph 127 of Plaintiffs' Complaint.

128.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 128 of Plaintiffs' Complaint, and, therefore, denies the same.

129.    To the extent Paragraph 129 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent Paragraph 129's allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

130.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 130 of Plaintiffs' Complaint, and, therefore, denies the same.

131.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 131 of Plaintiffs' Complaint, and, therefore, denies the same.

132.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 132 of Plaintiffs' Complaint, and, therefore, denies the same.

133.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 133 of Plaintiffs' Complaint, and, therefore, denies the same.

134.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 134 of Plaintiffs' Complaint, and, therefore, denies the same.

135.    Defendant Summit denies the allegations set forth in Paragraph 135 of Plaintiffs' Complaint.

136.    Defendant Summit denies the allegations set forth in Paragraph 136 of Plaintiffs' Complaint.

137.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 137 of Plaintiffs' Complaint, and, therefore, denies the same.

138.     In response to Paragraph 138 of Plaintiffs' Complaint, Defendant Summit admits that rodents were observed in or around one or more kitchen storage areas, but denies the characterization as an "infest[ation]" and in any event denies responsibility for the same. Defendant Summit denies any remaining allegations.

139.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 139 of Plaintiffs' Complaint, and, therefore, denies the same.

140.     Because Paragraph 140 of the Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 140 of Plaintiffs' Complaint, and, therefore, denies the same.

141.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141 of Plaintiffs' Complaint, and, therefore, denies the same.

142.     In response to Paragraph 142 of Plaintiffs' Complaint, Defendant Summit admits that the packaging of certain food products in the kitchen dry storage area were, at times, gnawed on by rodents but denies the characterization of these occurrences as "regularly," denies responsibility for the same, and in any event states that any such contaminated foodstuffs were always documented and thrown out immediately. Defendant Summit denies each and every remaining allegation in Paragraph 142 of Plaintiffs' Complaint.

143.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 143 of Plaintiffs' Complaint, and, therefore, denies the same.

144.     Defendant Summit denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint.

145.     Defendant Summit denies the allegations set forth in Paragraph 145 of Plaintiffs' Complaint.

146.     Defendant Summit denies the allegations set forth in Paragraph 146 of Plaintiffs' Complaint.

147.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 147 of Plaintiffs' Complaint, and, therefore, denies the same.

148.     In response to Paragraph 148 of Plaintiffs' Complaint, Defendant Summit admits that certain bags of Frito chips were at times found to have been gnawed on by rodents but denies the characterization of these occurrences as "often," denies responsibility for the same, and in any event avers that any such contaminated Frito chips were always documented and thrown out immediately. Defendant Summit denies each and every remaining allegation in Paragraph 148 of Plaintiffs' Complaint.

149.     Defendant Summit denies the allegations set forth in Paragraph 149 of Plaintiffs' Complaint.

150.     Defendant Summit denies the allegations set forth in Paragraph 150 of Plaintiffs' Complaint.

151.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 151 of Plaintiffs' Complaint, and, therefore, denies the same.

152.     Defendant Summit denies the allegations set forth in Paragraph 152 of Plaintiffs' Complaint.

153.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 153 of Plaintiffs' Complaint, and, therefore, denies the same.

154.     Defendant Summit denies the allegations set forth in Paragraph 154 of Plaintiffs' Complaint.

155.     Defendant Summit denies the allegations set forth in Paragraph 155 of Plaintiffs' Complaint.

156.     Defendant Summit denies the allegations set forth in Paragraph 156 of Plaintiffs' Complaint.

157.     Defendant Summit denies the allegations set forth in Paragraph 157 of Plaintiffs' Complaint.

158.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 158 of Plaintiffs' Complaint, and, therefore, denies the same.

159.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 159 of Plaintiffs' Complaint, and, therefore, denies the same.

160.     Defendant Summit denies the allegations set forth in Paragraph 160 of Plaintiffs' Complaint.

161.     Defendant Summit denies the allegations set forth in Paragraph 161 of Plaintiffs' Complaint.

162.     Defendant Summit denies that Plaintiff Garcia saw rodent feces on her food. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 162 of Plaintiffs' Complaint, and, therefore, denies the same.

163.     Defendant Summit denies the allegations set forth in Paragraph 163 of Plaintiffs' Complaint.

164.     Defendant Summit denies the allegations set forth in Paragraph 164 of Plaintiffs' Complaint.

165.     In response to Paragraph 165 of Plaintiffs' Complaint, Defendant Summit admits that hamburger patties at the women's prison aren't grilled but are precooked then baked in an oven. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 165 of Plaintiffs' Complaint, and, therefore, denies the same.

166.     In response to Paragraph 166 of Plaintiffs' Complaint, Defendant Summit denies that Plaintiff Garcia saw rodent feces on her food. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 166 of Plaintiffs' Complaint, and, therefore, denies the same.

167.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 167 of Plaintiffs' Complaint, and, therefore, denies the same.

168.    Defendant Summit denies the allegations set forth in Paragraph 168 of Plaintiffs' Complaint.

169.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 169 of Plaintiffs' Complaint, and, therefore, denies the same.

170.    Defendant Summit denies the allegations set forth in Paragraph 170 of Plaintiffs' Complaint.

171.    Defendant Summit denies the allegations set forth in Paragraph 171 of Plaintiffs' Complaint.

172.    Defendant Summit denies the allegations set forth in Paragraph 172 of Plaintiffs' Complaint.

173.    Defendant Summit denies the allegations set forth in Paragraph 173 of Plaintiffs' Complaint.

174.    Because the allegations of Paragraph 174 of Plaintiffs' Complaint are directed to other defendants, no response is required. To the extent a response is required, Defendant Summit denies each and every allegation contained therein.

175.    Because the allegations of Paragraph 175 of Plaintiffs' Complaint are directed to other defendants, no response is required. To the extent a response is required, Defendant Summit denies each and every allegation contained therein.

176.    Defendant Summit denies the allegations set forth in Paragraph 176 of Plaintiffs' Complaint.

177.    Defendant Summit denies the allegations set forth in Paragraph 177 of Plaintiffs' Complaint.

178.    Defendant Summit denies the allegations set forth in Paragraph 178 of Plaintiffs' Complaint.

179.    In response to Paragraph 179 of Plaintiffs' Complaint, Defendant Summit admits that Defendant Estevan and other Summit staff ate in an office separated from the main kitchen by a large glass window and states that this was specifically done to avoid the appearance of favoritism through eating with specific inmates.   Defendant Summit denies any remaining allegations.

180.    Defendant Summit denies the allegations set forth in Paragraph 180 of Plaintiffs' Complaint.

181.    Defendant Summit denies the allegations set forth in Paragraph 181 of Plaintiffs' Complaint.

182.    Defendant Summit denies the allegations set forth in Paragraph 182 of Plaintiffs' Complaint.

183.    Defendant Summit denies the allegations set forth in Paragraph 183 of Plaintiffs' Complaint.

184.    Defendant Summit denies the allegations set forth in Paragraph 184 of Plaintiffs' Complaint.

185.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 185 of Plaintiffs' Complaint, and, therefore, denies the same.

186.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 186 of Plaintiffs' Complaint, and, therefore, denies the same.

187.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 187 of Plaintiffs' Complaint, and, therefore, denies the same.

188.     In response to Paragraph 188 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as an "infestation," and in any event denies responsibility for the same.  Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 188 of Plaintiffs' Complaint, and, therefore, denies the same.

189.     In response to Paragraph 189 of Plaintiffs' Complaint, Defendant Summit admits that rodents were at times observed at WNMCF, but denies the characterization of said occurrences as an "infestation" and as "obvious, shocking and persistent," and in any event denies responsibility for the same.  Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 189 of Plaintiffs' Complaint, and, therefore, denies the same.

190.     Because Paragraph 190 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is

without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 190 of Plaintiffs' Complaint, and, therefore, denies the same.

191.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 191 of Plaintiffs' Complaint, and, therefore, denies the same.

192.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 192 of Plaintiffs' Complaint, and, therefore, denies the same.

193.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 193 of Plaintiffs' Complaint, and, therefore, denies the same.

194.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 194 of Plaintiffs' Complaint, and, therefore, denies the same.

195.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 195 of Plaintiffs' Complaint, and, therefore, denies the same.

196.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 196 of Plaintiffs' Complaint, and, therefore, denies the same.

197.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 197 of Plaintiffs' Complaint, and, therefore, denies the same.

198.     In response to Paragraph 198 of Plaintiffs' Complaint, Defendant Summit denies that the food prepared and served by Defendant Summit was contaminated by rodents, rodent feces, or rodent urine. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 198 of Plaintiffs' Complaint, and, therefore, denies the same.

199.     In response to Paragraph 199 of Plaintiffs' Complaint, Defendant Summit denies that Plaintiff Garcia got food poisoning after eating food served by the WNMCF kitchen. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 199 of Plaintiffs' Complaint, and, therefore, denies the same.

200.     In response to Paragraph 200 of Plaintiffs' Complaint, Defendant Summit denies that Plaintiff Garcia got food poisoning after eating breakfast sausage served by the WNMCF kitchen. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 200 of Plaintiffs' Complaint, and, therefore, denies the same.

201.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 201 of Plaintiffs' Complaint, and, therefore, denies the same.

202.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 202 of Plaintiffs' Complaint, and, therefore, denies the same.

203.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 203 of Plaintiffs' Complaint, and, therefore, denies the same.

204.     Because Paragraph 204 of the Plaintiffs' Complaint is directed to other defendants no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 204 of Plaintiffs' Complaint, and, therefore, denies the same.

205.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 205 of Plaintiffs' Complaint, and, therefore, denies the same.

206.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 206 of Plaintiffs' Complaint, and, therefore, denies the same.

207.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 207 of Plaintiffs' Complaint, and, therefore, denies the same.

208.     Because Paragraph 208 of the Plaintiffs' Complaint is directed to other defendants no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 208 of Plaintiffs' Complaint, and, therefore, denies the same.

209.     Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 209 of Plaintiffs' Complaint, and, therefore, denies the same.

210.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 210 of Plaintiffs' Complaint, and, therefore, denies the same.

211.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 211 of Plaintiffs' Complaint, and, therefore, denies the same.

212.    In response to Paragraph 212 of Plaintiffs' Complaint, Defendant Summit denies that Plaintiff Zapata got food poisoning after eating food served by the WNMCF kitchen. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 212 of Plaintiffs' Complaint, and, therefore, denies the same.

213.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 213 of Plaintiffs' Complaint, and, therefore, denies the same.

214.    Because Paragraph 214 of the Plaintiffs' Complaint is directed to other defendants no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 214 of Plaintiffs' Complaint, and, therefore, denies the same.

215.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 215 of Plaintiffs' Complaint, and, therefore, denies the same.

216.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 216 of Plaintiffs' Complaint, and, therefore, denies the same.

217.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 217 of Plaintiffs' Complaint, and, therefore, denies the same.

218.    In response to Paragraph 218 of Plaintiffs' Complaint, Defendant Summit denies that the working conditions in the prison kitchen were "grotesque" and that said condition was the reason Plaintiffs allegedly struggled to secure jobs at the prison. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 218 of Plaintiffs' Complaint, and, therefore, denies the same.

219.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 219 of Plaintiffs' Complaint, and, therefore, denies the same.

220.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 220 of Plaintiffs' Complaint, and, therefore, denies the same.

221.    In response to Paragraph 221 of Plaintiffs' Complaint, Defendant Summit denies that food prepared at the women's prison kitchen for inmates by Summit was contaminated. Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 221 of Plaintiffs' Complaint and, therefore, denies the same.  Defendant Summit states that it did not serve contaminated food at the prison for inmates.

222.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 222 of Plaintiffs' Complaint, and, therefore, denies the same.

223.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 223 of Plaintiffs' Complaint, and, therefore, denies the same.

224.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 224 of Plaintiffs' Complaint, and, therefore, denies the same.

225.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 225 of Plaintiffs' Complaint, and, therefore, denies the same.

226.    Defendant Summit is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 226 of Plaintiffs' Complaint, and, therefore, denies the same.

227.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 227 of Plaintiffs' Complaint, and, therefore, denies the same.

228.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 228 of Plaintiffs' Complaint, and, therefore, denies the same.

229.    In response to Paragraph 229 of Plaintiffs' Complaint, Defendant Summit denies that food prepared at the women's prison kitchen for inmates by Summit was contaminated.

Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 229 of Plaintiffs' Complaint, and, therefore, denies the same.

230.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 230 of Plaintiffs' Complaint, and, therefore, denies the same.

231.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 231 of Plaintiffs' Complaint, and, therefore, denies the same.

## COUNT I: VIOLATION OF EIGHTH AMENDMENT: INHUMANE CONDITIONS OF CONFINEMENT (ALL DEFENDANTS)

232.    In response to Paragraph 232 of Plaintiffs' Complaint, Defendant Summit incorporates its answers in Paragraphs 1 through 231 as if fully set forth herein.

233.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 233 of Plaintiffs' Complaint, and, therefore, denies the same.

234.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 234 of Plaintiffs' Complaint, and, therefore, denies the same.

235.    To the extent Paragraph 235 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

236.     To the extent Paragraph 236 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

237.     Defendant Summit denies the allegations contained in Paragraph 237 of the Plaintiffs' Complaint, and further specifically denies the allegations that Defendant Estevan engaged in unconscionable, degrading and dangerous actions.

238.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 238 of Plaintiffs' Complaint, and, therefore, denies the same.

239.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 239 of Plaintiffs' Complaint, and therefore, denies the same.

240.     Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 240 of Plaintiffs' Complaint, and therefore, denies the same.

241.     Because Paragraph 241 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 241, and therefore, denies the same.

242.     To the extent Paragraph 242 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

243.    Because Paragraph 243 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent a response is required, Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 243, and therefore, denies the same.

244.    To the extent Paragraph 244 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

245.    To the extent Paragraph 245 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

246.    To the extent Paragraph 246 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

247.    To the extent Paragraph 247 of the Plaintiffs' Complaint is directed to other defendants, no response is required. To the extent the allegations pertain to Defendant Summit's employee, Defendant denies the allegations.

248.    Because Paragraph 248 of the Plaintiffs' Complaint contains only legal conclusions, no response is required. To the extent a response is required, Defendant Summit denies that the allegations set forth the proper and complete statement of applicable law and deny all remaining allegations.

249.    Because Paragraph 249 of the Plaintiffs' Complaint contains only legal conclusions, no response is required. To the extent a response is required, Defendant Summit

denies that the allegations set forth the proper and complete statement of applicable law and deny all remaining allegations.

250.    Defendant Summit denies the allegations set forth in Paragraph 250 of Plaintiffs' Complaint.

251.    Defendant Summit denies the allegations set forth in Paragraph 251 of Plaintiffs' Complaint.

252.    Defendant Summit denies the allegations set forth in Paragraph 252 of Plaintiffs' Complaint pertaining to Defendant Summit or its employees created certain conditions. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 252, and, therefore, denies the same.

253.    Defendant Summit denies the allegations set forth in Paragraph 253 of Plaintiffs' Complaint pertaining to Defendant Summit or its employees.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 253, and, therefore, denies the same.

254.    Defendant Summit denies the allegations set forth in Paragraph 254 of Plaintiffs' Complaint pertaining to Defendant Summit or its employees.  Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 254 of Plaintiffs' Complaint, and therefore, denies the same.

255.    Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 255 of Plaintiffs' Complaint, and, therefore, denies the same.

256.    Defendant Summit denies the allegations set forth in Paragraph 256 of Plaintiffs' Complaint pertaining to Defendant Summit or its employees.  Defendant Summit is without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 256 of Plaintiffs' Complaint, and therefore, denies the same.

257.   Defendant Summit denies the allegations set forth in Paragraph 257 of Plaintiffs' Complaint pertaining to Defendant Summit or its employees.   Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 257 of Plaintiffs' Complaint, and therefore, denies the same.

258.   Defendant Summit denies the allegations set forth in Paragraph 258 of Plaintiffs' Complaint pertaining Defendant Summit or its employees.   Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 258 of Plaintiffs' Complaint, and therefore, denies the same.

259.   Defendant Summit denies the allegations set forth in Paragraph 259 of Plaintiffs' Complaint pertaining to allegations of wrongdoing by Defendant Summit or its employees. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 259 of Plaintiffs' Complaint, and therefore, denies the same.

260.   Defendant Summit denies the allegations set forth in Paragraph 260 of Plaintiffs' Complaint pertaining to allegations of wrongdoing by Defendant Summit or its employees. Defendant Summit is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 260 of Plaintiffs' Complaint, and therefore, denies the same.

## COUNT II: NEGLIGENCE
## (DEFENDANTS SUMMIT FOOD SERVICE, LLC AND BASHEEN ESTEVAN)

261.   In response to Paragraph 261 of Plaintiffs' Complaint, Defendant Summit incorporates its answers in Paragraphs 1 through 260 as if fully set forth herein.

262.    Defendant Summit denies the allegations as set forth in Paragraph 262 of Plaintiffs' Complaint.  Defendant Summit states that it is contracted to provide food service according to the terms and provisions of its agreement with the State of New Mexico, General Services Department, and that said contract speaks for itself.

263.    Defendant Summit denies the allegations as set forth in Paragraph 263 of Plaintiffs' Complaint.  Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department, and that said contract speaks for itself.

264.    Defendant Summit denies the allegations as set forth in Paragraph 264 of Plaintiffs' Complaint. Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department, and that said contract speaks for itself.

265.    Because Paragraph 265 of Plaintiffs' Complaint contains only legal conclusions, no response is required. To the extent a response is required, Defendant Summit denies the allegations as set forth in Paragraph 265 of Plaintiffs' Complaint.  Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

266.    Because Paragraph 266 of Plaintiffs' Complaint contains only legal conclusions, no response is required. To the extent a response is required, Defendant Summit denies the allegations as set forth in Paragraph 266 of Plaintiffs' Complaint.  Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

267.    Because Paragraph 267 of Plaintiffs' Complaint contains only legal argument, no response is required. To the extent a response is required, Defendant Summit denies the allegations as set forth in Paragraph 267 of Plaintiffs' Complaint.  Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

268.    Defendant Summit denies the allegations set forth in Paragraph 268 of Plaintiffs' Complaint that Defendant Summit and its employees provided contaminated food, and denies all remaining allegations.

269.    Defendant Summit denies the allegations as set forth in Paragraph 269 of Plaintiffs' Complaint, including Plaintiffs' allegations of any duty owed. Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

270.    Defendant Summit denies the allegations as set forth in Paragraph 270 of Plaintiffs' Complaint, including Plaintiffs' allegations of any duty owed. Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

271.    Defendant Summit denies the allegations as set forth in Paragraph 271 of Plaintiffs' Complaint, including Plaintiffs' allegations of any duty owed. Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

272.    Defendant Summit denies the allegations set forth in Paragraph 272 of Plaintiffs' Complaint.

273.     Defendant Summit denies the allegations as set forth in Paragraph 273 of Plaintiffs' Complaint, including Plaintiffs' allegations of any duty owed. Defendant Summit states that it contracted to provide food services according to the terms and provisions of its agreement with the State of New Mexico, General Services Department.

274.     Defendant Summit denies that Plaintiffs are entitled to the relief requested in their Prayer for Relief.

275.     Defendant Summit denies all allegations not otherwise responded to herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

2.     Plaintiffs' Complaint fails to state claims against Defendant Summit upon which relief can be granted.

3.     Plaintiffs' claimed injuries and damages were not proximately caused by the actions or omissions of Defendant Summit, therefore, the Complaint, as it pertains to Defendant Summit should be dismissed.

4.     Plaintiffs' claims are barred to the extent to which Plaintiffs have failed to mitigate their claimed damages.

5.     Defendant Summit states that if Defendant Summit was negligent or committed any wrongful act, which is specifically denied, Plaintiffs cannot recover the full amount of their damages because of their own negligence or the wrongful conduct of others. Any judgment on behalf of Plaintiffs should be reduced by the applicable laws of comparative fault.

6.     Defendant Summit states that the damages complained of by Plaintiffs were the result of an independent, intervening cause and, therefore, the Complaint should be dismissed.

7.      Any award of punitive damages would violate Defendant Summit's due process rights guaranteed by the Fourteenth Amendment to the United State Constitution and by the New Mexico Constitution, and would be improper under the common law and public policies of the State of New Mexico.

8.      Plaintiffs alleged damages are not recoverable as a matter of law based on the asserted legal theory.

9.      Defendant Summit had no duty, as alleged, to Plaintiffs and, therefore, the Complaint should be dismissed as it pertains to Defendant Summit.

10.     Defendant Summit was not engaged in state action.

11.     Defendant Summit's actions did not create a substantial risk of serious harm to Plaintiffs' health or safety.

12.     While liability is denied, Defendant Summit's actions were not a substantial factor in Plaintiffs' alleged harm.

13.     Defendant Summit did not have the means to control or change conditions of Plaintiffs' confinement.

14.     If there is deemed to be state action, Plaintiffs' claims fail to comply with New Mexico Tort Claims Act requirements and there is no waiver of immunity.

15.     Defendant Summit reserves the right to assert further or other affirmative defenses as may become apparent from investigation and/or discovery.

## **JURY DEMAND**

Defendant, Summit Food Service, LLC, demands a trial by jury on all issues that may be presented to a jury for determination in this matter.

**WHEREFORE,** Defendant, Summit Food Service, LLC, respectfully requests that the Court dismiss Plaintiffs' Complaint, that the Court award Defendant its attorneys' fees and costs in defending this action, and for further and other relief the Court deems just and proper.

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By */s/ Lisa Entress Pullen*
     Lisa Entress Pullen
     David M. Wesner
     *Co-Counsel for Defendant*
     *Summit Food Service, LLC*
     P.O. Drawer 93940
     Albuquerque, NM 87199
     (505) 842-8255
     pullenl@civerolo.com
     wesnerd@civerolo.com

RESNICK & LOUIS, P.C.

By */s/ Hal S. Cohen* (electronically signed with permission)
     *Co-Counsel for Defendant*
     *Summit Food Service, LLC*
     5600 Eubank Blvd. NE, Suite 220
     Albuquerque, NM  87111
     (505) 652-1339
     hcohen@rlattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, a true copy of the foregoing Answer and Jury Demand was filed with the Court's electronic filing system and served by that system on all counsel of record, as well as an additional courtesy copy being provided by e-mail as follows:

Steven Robert Allen
*Attorney for Plaintiffs*
New Mexico Prison & Jail Project
3800 Osuna Road NE, Suite 2
Albuquerque, NM  87109
info@NMPJP.org

     */s/ Lisa Entress Pullen*
     Lisa Entress Pullen

46