IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EXHIBIT 1**

DWIGHT DURAN, et al.,

    Plaintiffs,

v.

MICHELLE LUJAN GRISHAM,
Governor, et al.,

    Defendants.

1:77-cv-00721-KG-KK

## SECOND REVISED SETTLEMENT AGREEMENT

The parties to this action held settlement conferences before United States Magistrate Judge Steven C. Yarbrough on February 25, 2019, March 29, 2019, and April 30, 2019, in an effort to resolve the disputed issues in this case. As a result of the settlement conferences, the parties reached an agreement which they reduced to writing and executed on the 14th day of May, 2019. Following a hearing with United States Magistrate Judge Kirtan Khalsa on June 11, 2019, the parties agreed to clarify certain terms of their agreement. The parties incorporated those clarifications into a Revised Settlement Agreement and they, through their undersigned counsel, executed the Revised Settlement Agreement on August 14, 2019. Following the Court's preliminary approval of the Revised Settlement Agreement on September 5, 2019, the parties agreed to certain modifications to the Revised Settlement Agreement, which have been incorporated into this Second Revised Settlement Agreement. This Second Revised Settlement Agreement (referred to herein as the "Revised Settlement Agreement") is now the operative version of the Settlement Agreement and it supersedes the May 14, 2019, and August 14, 2019, versions of the Agreement.

1

EXHIBIT A

S. ZAPATA 0013

Case 1:77-cv-00721-KK-SCY Document 200-1 Filed 07/13/22 Page 12 of 15

       c. Offenders who are serving sentences for a DWI sixth or higher.

17. As remedial relief, NMCD agrees to award one month's worth of good time consistent with NMSA 1978, § 33-2-34(A) (2015) to the following inmates: (1) any inmate who was housed for at least 60 days in dormitories at NWNMCF from March 1, 2014 until the date the Court finds that Defendants are in substantial compliance with subparagraph (1)(b)(i) of this Revised Settlement Agreement; (2) any inmate who was housed for at least 60 days at SCC from October 1, 2016 until the date the Court finds that Defendants are in substantial compliance with subparagraph (1)(b)(ii) of this Revised Settlement Agreement; (3) any inmate housed for at least 60 days in dormitories at WNMCF from October 1, 2016 until the date the Court finds Defendants are in substantial compliance with subparagraph (1)(b)(iii) of this Revised Settlement Agreement; and (4) any inmate housed for at least 60 days in dormitories at OCPF from October 1, 2016 until the date the Court finds Defendants are in substantial compliance with subparagraph (1)(b)(iv) of this Revised Settlement Agreement. Only one award will be made to eligible inmates. Excluded from this provision are any inmates who have a sustained finding of assault against a staff member. Also excluded from this provision are those inmates who have less than 45 days of time left to serve on their sentence as measured from the entry of this Court's final approval order. These good time awards shall be made within 30 days of this Court's final approval order. For inmates who become eligible for these good time awards after the date of the final approval order, the awards shall be made within 30 days of the date the inmate becomes eligible.

18. ==Unless otherwise stated in this Revised Settlement Agreement, each provision will go into effect on the date this Court enters its final approval order.==

11